## In re RAINEY'S ESTATE.
## RAINEY v. THOMAS.

No. 33814.    Sept. 19, 1950.

*222 P. 2d 510.*

F. J. Lucas, of Tulsa, for plaintiff in error.

Norman Barker, of Tulsa, for defendant in error.

GIBSON, J. The appellant, Mildred Barton Rainey, made application to the county court of Tulsa county for appointment as administratrix of the estate of Lee Kidd Rainey, deceased. As the basis of the right to the appointment she alleged that she was the common law wife of the decedent. Children of decedent by a former marriage protested the appointment and denied the existence of the alleged marriage. The court found the issues for the protestants, denied the application and appointed appellee, Raymon B. Thomas, administrator of the estate. Appellant appealed to the district court of Tulsa county where, upon trial de novo, the judgment of the county court was in all respects affirmed. Therefrom this appeal is prosecuted.

For reversal it is urged that the judgment of the court is against the clear weight of the evidence.

We have reviewed the evidence and conclude that the judgment is sustained by it.

402

The marriage is alleged to have occurred May 19, 1947. Decedent died June 16, 1947.

There is no direct evidence of a contract sufficient to give rise to a marital relation and the only indirect evidence thereof is admissions of deceased and acts of cohabitation. The probative value of the admissions is weakened if not destroyed by admitted statements and conduct of the deceased which are at variance with the admissions and statements and conduct of appellant before and after the death which are inconsistent with the fact of such marriage. The cohabitation relied on was irregular and for a limited period of time and does not afford cogent evidence of the contract and is entirely insufficient to give rise to a presumption of the existence of a marital status. Richard v. Richard, 172 Okla. 397, 45 P. 2d 101.

The situation here comes squarely within the rule stated in Jackson v. Jackson, 182 Okla. 74, 76 P. 2d 1062, as follows:

"The burden is upon the person relying upon a common-law marriage to establish same.

"The judgment of a trial court against the claim of the consummation of a common-law marriage will not be reversed where it appears that the evidence does not preponderate in favor of such claim."

Affirmed.

ARNOLD, V. C. J., and CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.